**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5030**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GREGORY LYNN WILLIAMS,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior District Judge.  (7:09-cr-01201-GRA-1)

———————————

Submitted:  April 28, 2011          Decided:  May 2, 2011

———————————

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Lynn Williams appeals his forty-six-month sentence after pleading guilty pursuant to a plea agreement to one count of making a false statement to a bank in connection with a loan application, in violation of 18 U.S.C.A. § 1014 (West Supp. 2010). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has examined the record and found no meritorious grounds for appeal, but questioning the reasonableness of Williams' within-Guidelines sentence. Williams was informed of his right to file a pro se supplemental brief, but did not file one. We affirm.

We review a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Finally, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether

2

the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, the district court properly calculated Williams' advisory Guidelines sentence, considered the § 3553(a) factors, and sentenced Williams within the Guidelines range to forty-six months in prison. Although brief, the court provided an explanation for its rejection of counsel's request for a downward variance and explained the reasons for the sentence imposed. We conclude that Williams' sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED